IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>  vs.<br><br>MONIQUE JONES and<br>MEKAYDA D. JONES,<br><br>                Defendants. | CRIMINAL CASE NO. 21-00019-006 & -007<br><br>**ORDER**<br>Granting in Part Motions for Financial Assistance with Travel, Subsistence and Lodging (ECF Nos. 88 and 101) |

Trial herein is scheduled to commence on February 7, 2023. Defendants Monique Jones and Mekayda D. Jones (hereinafter, the "Defendants") reside in Texas, and they both filed separate motions requesting the court to require the government to pay for their round trip travel to Guam to prepare for and attend the trial, as well as provide them with funds for food and lodging during their stay on island. *See* Motion for Financial Assistance with Travel, Food and Lodging Expenses During Trial, ECF No. 88, and Motion for Travel Expenses, Lodging and Substance (sic), ECF No. 101.[1] Having reviewed the motions, applicable statutes and relevant case law,[2] the court grants in part the Motions for Financial Assistance as more fully discussed below.

## BACKGROUND

On May 11, 2022, a Superseding Indictment was filed accusing the Defendants, along with four others, of conspiring to commit wire fraud through an advance-fee inheritance scam conducted via the internet. *See* Superseding Indictment at ¶12, ECF No. 46. The Defendants were also charged

---

[1] These motions shall collectively be referred to as the "Motions for Financial Assistance."

[2] The court does not believe that oral argument on the motions is necessary.

with conspiring to launder monetary instruments, in addition to multiple counts of wire fraud. *Id.* at ¶¶31-35. ==The offenses are Grade C felonies.==

On June 1, 2022, the Defendants were arrested, and they made their initial appearances before the Eastern District of Texas on June 3, 2022. *See* Rule 5 Documents Received from E.D. Tex, ECF Nos. 60-61. The Defendants were appointed counsel, waived their rights to an identity hearing, were released from custody and agreed to appear in Guam where the charges are pending. *Id.*

On June 8, 2022, based on a review of the records from the Eastern District of Texas, this court appointed Guam counsel for the Defendants, subject to the submission of financial affidavits.[3] *See* Order, ECF No. 62.[4]

On June 23, 2022, the Defendant consented to appeared before this court from Texas by video conference and were arraigned. *See* Minutes, ECF No. 70. The Defendants were allowed to remain on release and ordered to comply with the release conditions previously imposed by the Eastern District of Texas. *Id.*

With trial approaching, the Defendants filed the instant motions for orders directing the government to pay for their round trip airfare from Texas to Guam and to pay for their lodging and subsistence expenses for the duration of the trial in this case. The United States' opposition to the motions argued that the court should only authorize payment for one-way travel to Guam and subsistence during the period of travel as permitted in 18 U.S.C. § 4285. *See* Gov't Opp'n, ECF Nos. 94 and 107. The government maintained that said statute does not authorize payment for subsistence or lodging expenses once a released defendant arrives at the place of the court trial and during the period of trial. *Id.* These issues are separately addressed below.

///

///

---

[3] The court reviewed the financial affidavits subsequently submitted by the Defendants, and based on the information provided therein, the court finds that the Defendants are financially eligible for the appointment of counsel.

[4] When the appointed attorneys moved to withdraw because of conflicts of interest, the court appointed other non-conflicted counsel to represent the Defendants. *See* Orders, ECF Nos. 64, 66 and 68.

# DISCUSSION

Request for Transportation Expenses

In support of their requests for the payment of the round trip travel expenses, the Defendants note that they are residents of Texas and cannot afford the cost of travel to Guam for trial. Defendant Monique Jones's motion also states that she "receives disability benefits from Social Security and has no family or other ties to the Territory of Guam." Def. Monique Jones's Mot. for Travel Expenses, Lodging and [Subsistence] at 2, ECF No. 101. The Defendants contend that the cost and distance to Guam, in addition to the anticipated length of trial, present unique and special circumstances that warrant the payment of their round trip airfare.

Section 4285 of Title 18, United States Code, provides that when an indigent defendant is released pending a court appearance, a magistrate judge "may, when the interests of justice would be served thereby" and said judge "is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own," then the court may "direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required[.]" 18 U.S.C. § 4285. Additionally, the court " may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under [5 U.S.C. §] 5702(a). *Id.*

There is no dispute that the Defendants are financially unable to pay for the airfare to travel from Texas to Guam for trial. The United States does not oppose the payment of one-way airfare travel to Guam. Accordingly, the court orders, pursuant to Section 4285, the U.S. Marshals Service ("USMS") to arrange for the Defendants' noncustodial transportation from their residences in Texas to Guam and for their subsistence expenses while traveling to Guam, not to exceed the authorized per diem rate provided for in 5 U.S.C. § 5702(a). While the Defendants ask the court to authorize round trip travel, the statute only provides for one-way travel. Section 4285 specifically states that the court may "furnish the fare for such transportation *to the place where his appearance is required.*" 18 U.S.C. § 4285 (emphasis added). The statute does not provide the court with

authority to pay for the Defendants' return to Texas after the trial. Accordingly, the court denies the Motions for Financial Assistance to the extent that said motions seek payment or reimbursement for noncustodial transportation and subsistence from Guam to Texas.

### Request for Subsistence and Lodging Expenses

The government anticipates that the length of the jury trial will be approximately one month, inclusive of jury selection. *See* U.S. Suppl. Resp., ECF No. 102. The Defendants estimate that trial will take about three weeks, which also includes two days of jury selection. *See* Mekayda D. Jones's Am. Suppl. Resp., ECF No. 103, and Monique Jones's Reply at 1, ECF No. 109. The Defendants seek permission to travel to Guam two weeks prior to the start of trial so that they can assist counsel in preparing for trial, and they also request that the court require the government to cover their food and lodging expenses for the two-week period before trial and throughout the course of trial.

Section 4285 does not authorize the USMS to provide subsistence and lodging expenses to a defendant during a trial. Thus, if payments for such expenses are to be permitted, the court must find some other authority for the payments.

The Defendants propose that these expenses be covered under the Criminal Justice Act ("CJA"), and rely on the case of *U.S. v. Mendoza*, 734 F. Supp.2d 281 (2010), to support their request. In *Mendoza*, defendants, who lived in California, were charged with a federal crime in Brooklyn, New York. *Id.* at 282. They requested funds so that they could stay somewhere in the New York area for the estimated two-week trial. *Id.* After considering various options, the court reluctantly chose CJA funds as the source to pay for the defendants' lodging expenses. *Id.* The court reasoned that the CJA allowed counsel to be reimbursed for expert, investigative or "other services necessary for an adequate representation.' *Id.* at 286 (quoting 18 U.S.C. §3006A(e)(1)). The court construed the term "other services" broadly to include lodging for an indigent defendant during trial. *Id.* The court stated that "[p]ayment for lodging for a defendant who would otherwise be homeless could be said to be necessary 'for an adequate representation;' a defendant who sleeps on the streets is not going to be fit for a trial the next morning." *Id.* The court admitted that its interpretation of the CJA's language was "tortured," but reasoned that this was "the only acceptable option in this case . . . to make use of the judiciary's budget for criminal defense attorneys." *Id.*

1    The court declines to follow the *Mendoza* court's broad reading of the CJA's plain text. The
2    court is cognizant of the needs of indigent defendants, but the court is "constrained to act within its
3    authority and in the interests of how best to utilize the resources available to it." *U.S. v. Dyer*,
4    No. 15-CR-115-JPS, 2016 WL 7027177, *2 (E.D. Wis. Dec. 1, 2016). The court does not believe
5    that payment out of limited CJA funds is appropriate. *See U.S. v. Ibarra*, No. 13-CR-3170-GPC,
6    2014 WL 4352063 (S.D. Cal. Sept. 2, 2014) (denying use of CJA funds to pay for defendant's
7    lodging and travel from Calexico, California to San Diego for four-day trial), and *U.S. v. Stone*,
8    No. 10-20123, 2012 WL 345267 (E.D. Mich. Feb. 1, 2012) (denying lodging expenses defendants
9    who would have to travel between 75 and 115 miles one way to be present for eight-week trial).
10   Moreover, use of CJA funds would require defense counsel to pay the up-front cost of providing the
11   Defendants with temporary lodging and subsistence and thereafter seeking reimbursement from CJA
12   funds at the conclusion of this case. It is unreasonable to expect court-appointed counsel to bear this
13   burden.

14    The Defendants also cite to the case of *United States v. Badalamenti*, No. 84 CR 236 (PNL),
15   1986 WL 8309 (S.D.N.Y. July 22, 1986) for authority to seek payment for lodging and subsistence
16   expenses from the government. In *Badalamenti*, defendants, who reside in Southern Illinois,
17   traveled every week from their home to New York for trial that lasted for ten months and paid for
18   lodging in New York. *Id.* at *1. The court ordered the government to provide the defendants with
19   "either decent, non-custodial lodging or the cost of obtaining it." *Id.* at *2. The court stated that "it
20   is not consistent with fundamental fairness or due process than an accused defendant . . . be driven
21   to ruin by the expense of attending trail at a place far from his home, nor that he be required to take
22   refuge in jail because of an inability to meet the expense of attending trial."

23    In balancing the parties' various interests, the court concurs with the *Badalamenti* court that
24   principles of fairness and due process impose an obligation on the United States, as the prosecuting
25   authority, to provide the Defendants with decent, noncustodial lodging and subsistence during the
26   course of trial. The Defendants should not have to shoulder this expense. They reside in Texas and
27   have no choice but to fly more than 7,000 miles from home to be in Guam for a trial that may span
28   one month. Because of Guam's location, the Defendants do not have the option of traveling home

each day or even on the weekends. The Defendants have no family on Guam, so they have no choice but to seek lodging from limited housing options available on island.

One of the defense attorneys proposed that the Defendants receive a minimum of $120.59 per day[5] for their food and lodging expenses, while the other counsel urged the court to award the federal per diem rate under 5 U.S.C. § 5702(a). *See* Monique Jones's Motion for Travel Expenses, Lodging and Sub[sistence] at 4, ECF No. 101. The court believes that a more reasonable rate is $100 per day for each defendant. To avoid overburdening the taxpayers, it is not unreasonable to expect the Defendants, who are mother and daughter, to share a modestly-priced hotel room for the duration of their stay on Guam. Accordingly, the court orders the Government to provide each of the Defendants with no more than $100 each day for the duration of their stay on Guam for the trial to cover the reasonable cost of lodging and subsistence expenses.

With regard to the request to travel to Guam two weeks prior to trial to assist counsel in preparing for trial, the court believes that counsel and the Defendants can adequately prepare and discuss their defense strategy through the use of video conference, email and other technology. To reduce the expense to the government, the court is only authorizing $100 subsistence payments to the Defendants no earlier than five days before the start of trial[6] and throughout the duration of the trial.

## CONCLUSION

Based on the above, the court grants in part and denies in part the Motions for Financial Assistance. The court orders the following:

- the Defendants are authorized to travel to Guam for trial;
- the USMS shall arrange for the Defendants' noncustodial transportation from their residences in Texas to Guam and for their subsistence expenses while traveling to Guam,

---

[5] Counsel asserts that based on FY 2020 data, the average cost of incarcerating a federal inmate in a federal facility is $120.59 per day. *See* Mekayda D. Jones's Mot. Financial Assistance at 5, ECF No. 88.

[6] If the trial commences on February 7, 2023, then the subsistence payment shall begin on February 2, 2023.

not to exceed the authorized per diem rate provided for in 5 U.S.C. § 5702(a). Said expenses shall be paid by the USMS out of funds authorized by the Attorney General for such expenses; and

- the United States shall provide each Defendant with no more than $100 each day to cover the reasonable cost of lodging and subsistence expenses, with said payments to commence no earlier than five days prior to the start of trial and shall continue through the duration of the trial.

IT IS SO ORDERED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Jan 12, 2023