THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 21-00019 |
| Plaintiff, | ORDER |
| v. | |
| MONIQUE JONES and MEKAYDA D. JONES, | |
| Defendants. | |

This matter comes before the Court on the Government's appeal[1] (Dkt. No. 157) of United States Magistrate Judge Bordallo's order granting in part Defendants' motion for financial assistance (Dkt. No. 122). The Court hereby AFFIRMS Judge Bordallo's decision for the reasons explained herein.

Following extensive briefing, Judge Bordallo ordered the Government to pay the expenses necessary for Defendants Monique Jones and Mekayda Jones to travel from Texas to Guam and to reside in Guam[2] while on trial for Conspiracy to Commit Wire Fraud, Wire Fraud, and Conspiracy to Launder Monetary Instruments. (*See* Dkt. No. 122.) Judge Bordallo reasoned that, while the statutory authority for such payment might end once Defendants arrive in Guam,

---

[1] The Government appeals pursuant to District of Guam Local Criminal Rule 12(f).

[2] Judge Bordallo did not grant Defendants' request for travel and subsistence for their return trip to Texas following trial. (*See generally id.*)

ORDER
CRIMINAL CASE NO. 21-00019
PAGE - 1

(*see id.* at 3) (citing 18 U.S.C. § 4285), "principles of fairness and due process impose an obligation on the [Government]" to pay for Defendants' lodging and subsistence while they are on trial, given the unique circumstances presented here.[3] (*Id.* at 5.) The Government takes issue with this decision, arguing that it lacks statutory support, is not an "allowable expense[]" per Department of Justice policies, and it is not "ethically correct" given the adversarial nature of the Government's relation to Defendants. (Dkt. No. 157 at 4–5.)

Judge Bordallo's decision, perhaps thin on statutory support, is the right thing to do. And it is, no doubt, supported by Defendants' Fifth Amendment rights. "[A]n accused defendant, regardless of the crime, should not be driven to ruin by the expense of attending trial at a place far from his home, nor be required to take refuge in jail because of an inability to meet the expense of attending trial." *U.S. v. Badalamenti*, 1986 WL 8309, slip op. at 2 (S.D.N.Y. 1986) (cleaned up). Given Defendants' limited connections to Guam (nothing in the record suggests they engaged in any allegedly unlawful acts in Guam), the distance they must travel for trial (over 7,000 miles), their limited financial means and lack of local resources, and the anticipated duration of trial (perhaps a month), it is only fair that the Government provide Defendants with lodging and subsistence while they stand trial in Guam for their alleged crimes.

While Government policy may counsel against this result, such a policy is no concern to this Court. Nor is the Government's argument regarding the adversarial nature of its relationship to Defendants compelling. Absent pretrial release, the Government would still be tasked with housing and feeding Defendants. It would just do so within a federal facility, the cost of which is not significantly lower than the amount Judge Bordallo authorized to house and feed Defendants *outside* of a federal facility. The Court, therefore, sees no meaningful distinction here, other than, perhaps, punitive motive on the part of the Government.

For the foregoing reasons, the Government's appeal (Dkt. No. 157) is DENIED. The

---

[3] Those circumstances include the distance between Guam and Texas, the anticipated duration of trial in Guam, and the limited housing available in Guam. (*See* Dkt. No. 122 at 5–6.)

1  Court AFFIRMS Judge Bordallo's decision (Dkt No. 122). The Government is ORDERED to
2  provide Defendants with funds for their lodging and subsistence expenses while in Guam.

      DATED this 1st day of February 2023.

                                                _____
                                                John C. Coughenour
                                                UNITED STATES DISTRICT JUDGE